HENRY MANGUM V. THE STATE.

No. 1556. Decided October 20, 1897.

**1. Theft of a Horse—Contract of Borrowing.**

A conviction for horse theft under a general indictment for theft, is not supported by proof that the horse was acquired by defendant under a contract for borrowing, where it fails further to show that at the time it was so acquired the defendant intended to convert it to his own use.

**2. Same—Conversion by Bailee.**

On a trial for theft of a horse, where the evidence showed only that the defendant borrowed the horse to work his crop, and some time thereafter took it out of the county, and sold it, Held, the conviction for theft could not be sustained. Defendant should have been prosecuted upon an indictment brought under article 877, Penal Code, charging him as a bailee with fraudulent conversion of the horse.

APPEAL from the District Court of Matagorda. Tried below before Hon. T. S. REESE.

Appeal from a conviction for theft of a horse; penalty, five years imprisonment in the penitentiary.

The case is sufficiently stated in the opinion.

*F. J. & R. C. Duff*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was charged in the usual form, by indictment, with the theft of a horse, under articles 858 and 881, Penal Code 1895; was convicted, and his punishment assessed at five years in the penitentiary; hence this appeal.

He contends that, under the State's case, he should have been charged, under article 877, for the conversion of property held by himself, by virtue of being in possession of the property under a contract of borrowing. The testimony introduced on his behalf, and from a number of witnesses, was positive and unequivocal that defendant was the owner of the animal, having purchased from Cephus Gear. The State controverted his ownership, and showed it to be the property of his mother-in-law, Matilda White. The testimony of all the witnesses in behalf of the State is to the effect that the property did belong to Matilda White, she having purchased and paid for it from the same Cephus Gear; and it is further to the effect that she loaned the horse to the defendant for the purpose of working his crop and using it generally; that he took it from Matagorda into Wharton County, and sold it in the latter county.

We believe, under this state of the case (there being no evidence tending to show an intention to convert the property to his own use when he acquired possession of the same), that the conviction can not be sustained under the general indictment for theft, and that the prosecution should have been carried on under article 877, for the conversion of

the property while in his possession under said contract of borrowing. The judgment is accordingly reversed, and the cause remanded.

*Reversed and remanded.*